IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ITALIO MARTINEZ VILLALOBOS, | ) | CASE NO. 4:26-CV-01849-CEF |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE CHARLES ESQUE FLEMING |
| vs. | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| ACTING ATTORNEY GENERAL, | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Respondent. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| | ) | |

This matter is before the undersigned pursuant to Local Rule 72.2. Before the Court is the Petition of Italio Martinez Villalobos ("Martinez Villalobos" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), Petitioner's Motion for Release (Doc. No. 9), and Respondent's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10).

On August 6, 2026, Petitioner filed his Petition for a Writ of Habeas Corpus challenging his continued detention on an immigration charge and requesting to be released, or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a). (Doc. No. 1.)

While the Petition was pending, the Court received a telephone call from Petitioner's wife notifying the Court that Petitioner had been deported. (Non-document Order dated September 24, 2026.) The Court ordered the Government to notify the Court regarding Petitioner's status and take any appropriate action by October 13, 2026. (*Id.*)

On October 8, 2026, Respondent filed the pending Motion to Dismiss for Lack of Jurisdiction. (Doc. No. 10.) Respondent informed the Court that Petitioner had been deported to El Salvador on September 22, 2026. (*Id.* at 2.)

This Court recently explained that:

> "The Sixth Circuit has held that a petition for a writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States." *Yaser v. ICE Detroit*, 2026 WL 1835511, at *1 (N.D. Ohio) (first citing *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004), and then citing *Haddad v. Ashcraft*, 76 F. App'x 672, 673 (6th Cir. 2003)). This holding flows directly from the text of § 2241, which specifies the writ "shall not extend to a prisoner unless [h]e is *in custody* under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). And district courts within this Circuit have consistently applied such rule. *See Yaser*, 2026 WL 1835511, at *1 (collecting cases).
>
> Because Petitioner is no longer in Respondents' custody, the Court is unable to issue the writ or otherwise grant effective relief, and the Petition is thus moot. *See Fialka-Feldman v. Oakland Univ. Bd. Trs.*, 639 F.3d 711, 713 (6th Cir. 2011).

*Alwawi v. Sec'y of U.S. Dept. of Homeland Sec.*, CASE NO. 3:26 CV 375, 2026 WL 2162701, at *1 (N.D. Ohio July 28, 2026).

Because Martinez Villalobos is no longer in the Government's custody, the Court cannot issue the writ or otherwise grant effective relief, rendering the Petition moot. Therefore, the undersigned recommends that the Court GRANT the pending Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10) and DENY the Motion for Release (Doc. No. 9) as MOOT.

IT IS SO RECOMMENDED.

Date: November 20, 2026

*s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019).**